```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Kenneth William Colassi

    v.                                        Civil No. 08-cv-115-JL
                                                      Opinion No. 2008 DNH 106

Oksana Looper,
Daniel Looper, and
Hillsborough County Superior
Court, Southern Division

## O R D E R

Plaintiff Kenneth William Colassi, proceeding pro se and seeking leave to proceed in forma pauperis, has sued his former wife, Oksana Looper; her present husband, Daniel Looper; and the Southern Division of Hillsborough County Superior Court. Colassi alleges violations of his federal constitutional right to due process and other wrongs arising principally out of the Superior Court's preliminary refusal to modify its parenting order to prevent the Loopers from moving from New Hampshire to Oklahoma with Ieva Colassi, the minor daughter of Colassi and Oksana Looper. Colassi has moved for emergency injunctive relief against Ieva's relocation.

### I.   Procedural Background

While this case was awaiting preliminary review by the magistrate by virtue of Colassi's request to proceed in forma

pauperis, see L.R. 4.3(d)(1)(A), the Superior Court filed a motion to dismiss on a number of grounds.[1]  The Superior Court argues, among other things, that the Rooker-Feldman doctrine, see Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983), and the domestic relations exception, see Ankenbrandt v. Richards, 504 U.S. 689 (1992), deprive this court of subject-matter jurisdiction, and that the Superior Court enjoys absolute judicial immunity from Colassi's claim for damages.

    The Superior Court, acting on Colassi's motion, conducted a hearing on "only the limited issue as to whether any irreparable harm would come to the minor child if modifications were not made immediately" to its existing parenting order giving Oksana Looper primary residential responsibility over Ieva.  In re Colassi, No. 06-M-200, slip op. at 1 (N.H. Sup. Ct. Mar. 13, 2008).  Both Colassi and Oksana Looper appeared at the hearing with counsel.

---

[1] The New Hampshire Supreme Court and the New Hampshire Department of Health and Human Services also purport to join in the motion to dismiss, pointing out that they are named in the caption of the complaint but not referenced as defendants anywhere in its body.  In the complaint on file with the court, however, the names of those defendants in the caption of the complaint have been stricken through with black ink.  They also have not been served, and Colassi does not identify them as defendants in his objection to the motion to dismiss.  The court therefore does not consider the state Supreme Court or DHHS to have been named as defendants to this action.

Id.  The Superior Court made preliminary findings that the move was for a legitimate purpose and that it would not cause irreparable harm to Ieva, see N.H. Rev. Stat. Ann. § 461-A:12 (2007) (governing relocation of a child subject to a parenting order), "[a]t least until a temporary hearing can be conducted with the input of a Guardian ad litem."  Slip op. at 2.  The Superior Court thus permitted Oksana Looper to retain primary residential responsibility over Ieva in moving to Oklahoma (except during her summer vacation from school, when that right would belong to Colassi upon Ieva's return to New Hampshire), but appointed a guardian ad litem to provide a preliminary opinion on Ieva's best interests by July 1, 2008, and scheduled the case for a final pre-trial conference thereafter.  Id. at 2-3.

Approximately two weeks later, Colassi commenced this action pursuant to this court's federal question jurisdiction, 28 U.S.C. § 1331, alleging that the Superior Court had violated his federal constitutional rights by authorizing Ieva's relocation to Oklahoma.  The complaint also references other wrongs by the state judicial system and Oksana Looper during her divorce proceedings against Colassi, including the formulation and execution of the original parenting order, as well as by the Loopers in allegedly interfering with his visitation with Ieava and subjecting her to abuse.  Among other relief, Colassi seeks

to have this court overturn a number of the orders entered by the Superior Court during those proceedings, including its most recent order declining to modify the parenting arrangement, as well as the divorce decree itself.

## II.  Analysis

This court lacks subject-matter jurisdiction over these claims, though not entirely for the reasons identified by the Superior Court in its motion to dismiss.[2]  Because a federal court has a duty to inquire into its subject-matter jurisdiction independent of any arguments presented by the parties, see, e.g., Fafel v. DiPaola, 399 F.3d 403, 410 (1st Cir. 2005), the court relies on an additional jurisdictional defect, beyond those identified by the Superior Court, in dismissing this action.

Under the doctrine announced in Younger v. Harris, 401 U.S. 37 (1971), federal courts generally abstain from intervening in state judicial processes, including child custody proceedings. Moore v. Sims, 442 U.S. 415, 422-23 (1979); Malachowski v. City

---

[2]While, at first blush, the domestic relations exception might seem to apply, the majority view is that the exception divests federal courts of jurisdiction over cases premised on diversity of citizenship only, in line with the reasoning of Ankenbrandt.  See Mandel v. Town of Orleans, 326 F.3d 267, 271 & n.3 (1st Cir. 2003) (citing cases but declining to resolve the issue).  This a federal question case.

4

of Keene, 787 F.2d 704, 708-09 (1st Cir. 1986).  "Abstention is appropriate when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge."  Rossi v. Gemma, 489 F.3d 26, 34-35 (1st Cir. 2007).

The Superior Court custody proceedings in which Colassi asks this court to intervene readily satisfy these criteria.  Those proceedings (1) are ongoing, as evidenced by the fact that the order authorizing Ieva's relocation was only preliminary and called for the appointment of a guardian ad litem to assist the Superior Court in further deciding the issue,[3] (2) implicate important state interests, see Moore, 442 U.S. at 435; Malachowksi, 787 F.2d at 708, and (3) provide Colassi the chance to raise any federal constitutional objections to the Superior Court's actions, see Malachowski, 787 F.2d at 708.

There is also no question that much of the relief Colassi seeks from this court, e.g., overturning or modifying the Superior Court's orders, or enjoining Ieva's relocation despite

---

[3]Indeed, as demonstrated by the procedural posture of the Superior Court's decision, New Hampshire law allows a parent to move for modification of a parenting order.  N.H. Rev. Stat. Ann. § 461-A:11 (2007 & 2008 supp.).

its approval by that court, would "interfere" with the proceedings there.  See Rio Grande Cmty. Health Ctr., Inc. v. Rullan, 397 F.3d 56, 70 (1st Cir. 2005) (holding that, for Younger abstention, "interference" includes a federal "proceeding that either enjoins the state proceeding or has the 'practical effect' of doing so").  Finally, there is "nothing to suggest that this case falls within any of the exceptions [to federal abstention] recognized by Younger, exceptions which have been narrowly construed."  Malachowski, 787 F.2d at 709 (ruling that New Hampshire child custody procedures are not "flagrantly unconstitutional," and parents' temporary loss of custody was not "the sort of serious, imminent, and irreparable harm" to justify federal intervention).  Indeed, this court previously made all the same rulings in deciding to abstain from another action Colassi filed to challenge other aspects of the state-court custody proceedings.  Colassi v. Hillsborough County Super. Ct., No. 05-cv-187-SM, slip op. at 4-7 (D.N.H. July 15, 2005), rept. & rec. adopted, slip op. (D.N.H. July 28, 2005).

While Colassi requests other relief that does not warrant dismissal of those claims as an exercise of Younger abstention, there are other barriers to them that require their dismissal nonetheless.  Colassi seeks damages from the Superior Court on account of its rulings--a remedy which would also "interfere"

with the state proceedings within the contemplation of Younger, but is not subject to dismissal as such because it is legal, rather than equitable, in nature. See Rossi, 489 F.3d at 37-38 (citing Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 731 (1996)). But damages against a court or its judges for the decisions they make are barred by absolute judicial immunity. See Mireles v. Waco, 502 U.S. 9, 11 (1991). The court therefore grants the Superior Court's motion to dismiss the damages claim.

Colassi further asks this court to "annul" his divorce from Oskana Looper. That claim is barred by the Rooker-Feldman doctrine, under which the federal district courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280, 284 (2005). A number of courts have held that the doctrine, as refined by Exxon-Mobil, bars federal court review of final state divorce decrees. See, e.g., Jackson v. Davidson, Nos. 07-1389 et al., 2008 WL 925526, at *1 (10th Cir. Apr. 7, 2008) (unpublished disposition); Davis v. United States, 499 F.3d 590, 595 (6th Cir. 2007); Kwasnik v. Leblon, 228 Fed. Appx. 238, 242 (3d Cir.) (unpublished disposition), cert. denied, 128 S. Ct. 451 (2007).

The Superior Court's motion to dismiss on the basis of <u>Rooker-Feldman</u> is granted insofar as it seeks dismissal of Colassi's challenge to the divorce decree.[4]

Colassi also alleges fraud, extortion, abuse to Ieva, and other similar wrongs against the Loopers.  Under the appropriate liberal reading of the pro se complaint, <u>see</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976), the court cannot discern any cause of action against the Loopers under federal law, and Colassi specifically invokes supplemental jurisdiction, 28 U.S.C. § 1367, as to his claims against them.  Because the court is dismissing all of Colassi's federal claims, however, it declines to exercise supplemental jurisdiction over any state-law claims.  <u>See</u> 28 U.S.C. § 1367(c)(3); <u>Marrero-Gutierrez v. Molina</u>, 491 F.3d 1, 7 (1st Cir. 2007).  The court notes in that regard that it lacks diversity jurisdiction over those claims: while the Loopers now reside in Oklahoma, they were still living in New Hampshire when this action was filed, which is the relevant time period for

---

[4]The Superior Court's motion to dismiss erroneously invokes <u>Rooker-Feldman</u> as divesting this court of jurisdiction over all of Colassi's claims, including his challenge to the parenting orders.  As the Superior Court appears to acknowledge, however, state proceedings must have "ended" for the <u>Rooker-Feldman</u> doctrine to apply.  <u>Federacion de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.</u>, 410 F.3d 17, 27 (1st Cir. 2005).  As just discussed, that cannot be said of the ongoing child custody proceedings at issue here, and the Superior Court does not argue to the contrary.

determining domicile.  See, e.g., Valentin v. Hosp. Bella Vista, 254 F.3d 358, 361 (1st Cir. 2001).

### III. Conclusion

For the foregoing reasons, the court GRANTS the Superior Court's motion to dismiss (document no. 8) insofar as it asserts lack of subject-matter jurisdiction as to Colassi's claim challenging the divorce decree and judicial immunity from his claim for damages.  The court decides to abstain from hearing the balance of Colassi's claims against the Superior Court under Younger v. Harris.  The court declines to exercise supplemental jurisdiction over Colassi's claims against the Loopers.  All claims except that seeking damages from the Superior Court are dismissed without prejudice.  Colassi's motion for emergency injunctive relief (document no. 2) is TERMINATED.  The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  May 20, 2008

cc:  Kenneth William Colassi, pro se
     Nancy J. Smith, Esq.
     Oksana Looper, pro se
     Daniel Looper, pro se